**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0038-19

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

LINWOOD COLA PARKER,
a/k/a LENNY PARKER,

    Defendant-Appellant.

_____

        Submitted April 27, 2021 – Decided May 18, 2021

        Before Judges Fisher and Gilson.

        On appeal from the Superior Court of New Jersey, Law Division, Camden County, Indictment No. 94-04-0885.

        Joseph E. Krakora, Public Defender, attorney for appellant (Karen A. Lodeserto, Designated Counsel, on the brief).

        Jill S. Mayer, Acting Camden County Prosecutor, attorney for respondent (Linda A. Shashoua, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

On November 6, 1993, defendant was a passenger in a vehicle stopped by a State Trooper on the New Jersey Turnpike. As a result of what transpired after that stop, defendant was indicted and charged with third-degree unlawful possession of a weapon and fourth-degree possession of hollow-nose bullets. On February 10, 1995, defendant pleaded guilty and, at the same time, was sentenced to two concurrent one-year probationary terms. He filed no appeal. Instead, on October 12, 2018 – more than twenty-three years later – defendant filed a pro se post-conviction relief (PCR) petition. After the appointment of counsel and the filing of a supplemental brief and certification, the PCR judge heard the argument of counsel and denied relief for reasons set forth in a written opinion.

Defendant appeals, arguing:

> I. THE PCR COURT ERRED IN DENYING [DEFENDANT] DISCOVERY RELATING TO HIS 1993 MOTOR VEHICLE STOP, AS HE HAS PRESENTED A COLORABLE CLAIM OF RACIAL PROFILING AND SELECTIVE PROSECUTION.
>
> II. THE PCR COURT ERRED IN DENYING [DEFENDANT] AN EVIDENTIARY HEARING AS TESTIMONY IS NEEDED REGARDING PRIOR COUNSEL'S FAILURE TO RAISE RACIAL PROFILING AS AN ISSUE.

2

### III. THE PCR COURT ERRED IN FAILING TO FIND EXCUSABLE NEGLECT EXISTED FOR THE LATE FILING OF [DEFENDANT'S PCR PETITION].

We find insufficient merit in these arguments to warrant further discussion in a written opinion, R. 2:11-3(e)(2), adding only a few brief comments about the third point.

Although never previously raised, defendant argues in his PCR petition that his conviction was unlawful because the motor vehicle stop was a product of "racial profiling." Anticipating an argument that the passage of time would require rejection of his PCR petition, defendant asserted that he was unaware of the probability that the 1993 motor vehicle stop that led to his 1995 conviction was the product of racial profiling because his trial attorney never informed him. For present purposes, we assume the truth of that allegation, but, if true, that assertion does not explain why defendant might not have known or had reason to know of facts that may have supported the racial profiling argument long before he filed his PCR petition in 2018. To be sure, concerns about the pernicious effect of racial profiling may not have been fully appreciated until after defendant's conviction, but the problem became well known with the decisions in State v. Soto, 324 N.J. Super. 66 (Law Div. 1996), State v. Ballard, 331 N.J. Super. 529 (App. Div. 2000), and numerous later opinions. The

A-0038-19

problem was also well-publicized in the media at the same time, culminating in the Legislature's 2003 passage of a bill criminalizing police use of race as the primary factor in determining who to stop and search. See N.J.S.A. 2C:30-6. Despite all the notoriety about racial profiling in this State within a short time after defendant's conviction, defendant claimed he was unaware of the problem until doing research in a federal prison library "several months" before filing his PCR petition.

The untimeliness of defendant's application was plainly revealed on the face of the PCR petition and no discovery or evidential hearing would have suggested otherwise. The PCR judge soundly concluded that the petition was time-barred because of the inordinate passage of time without a plausible argument excusing the delay.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0038-19